# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY LEON YOUNG, | Case No. CV 16-07455 JFW (RAO) |
| Plaintiff, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| CYNTHIA Y. TAMPKINS, et al., | |
| Defendants. | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Second Amended Complaint ("SAC"), all of the other records and files herein, and the Report and Recommendation of United States Magistrate Judge ("Report"). Further, the Court engaged in a *de novo* review of those portions of the Report to which Plaintiff objected. Plaintiff advances several arguments in his objections to the Report. The Report sufficiently addresses the bulk of those arguments, but two of the arguments warrant a brief discussion.

Plaintiff objects to the Report's recommendation that this Court deny his access to the courts claim. Plaintiff relies on the case *Silva v. Di Vittorio*, 658 F.3d 1090 (9th Cir. 2011), and argues that *Silva* overruled *Lewis v. Casey*, 518 U.S. 343, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996), a case cited by the Report. To begin with, because *Lewis v. Casey* is a United States Supreme Court case, it cannot be

overruled by a more recent opinion of a lower court, such as the Ninth Circuit Court of Appeals. The Magistrate Judge's Report is also not in conflict with *Silva*. The *Silva* panel held that prisoners have a right under the First and Fourteenth Amendments to litigate their civil rights claims without active interference by prison officials, even past the pleading stage. 658 F.3d at 1103. *Silva* did not, however, eliminate the requirement to allege an actual injury. *See id.* at 1102, 1104. The Magistrate Judge recommended dismissal of Plaintiff's access to the courts claim because the SAC failed to state an actual injury, not for failure to sufficiently allege interference with access to the law library. The Report explains in detail why the SAC fails to allege an actual injury, and Plaintiff has not addressed or objected to this portion of the Report.

Regarding his retaliation claim, Plaintiff raises certain factual allegations for the first time. Plaintiff alleges that "one correctional officer" stated that he would assist Plaintiff if Plaintiff was not suing the prison. Dkt. No. 17 at 6.[1] Plaintiff continues that, "for the same reason," Correctional Officer Capacete, who would allow him to go to the law library, started to limit Plaintiff's access. *Id.* at 6-7. Plaintiff asserts that other officers are witnesses because they have knowledge of the "PLU/GLU prison condition problem." *Id.* at 7. Plaintiff then repeats his allegation from the SAC that Officers Vicario and Cernas stated that they were ordered to interfere with Plaintiff's access to the courts after Officer Navarette read a Ninth Circuit order in a different case brought by Plaintiff. *Id.*

The Court has considered whether Plaintiff could allege a cognizable retaliation claim if he were allowed to amend his complaint to add these allegations. The Court concludes that Plaintiff has not adequately alleged that adverse action was taken as a result of Plaintiff engaging in protected conduct. Plaintiff does not allege when the unnamed officer and Officer Capacete made their statements, or

---

[1] References to pages of Plaintiff's objections are based upon the pagination provided by the Court's electronic docket.

2

when or how the alleged retaliatory interference with access to the law library occurred. And, as explained in the Report, Plaintiff has not alleged that Officers Vicario and Cernas actually interfered with Plaintiff's access to the law library. Even after consideration of the new factual allegations in Plaintiff's objections, the Court agrees with the Magistrate Judge's conclusion that Plaintiff fails to plead a cognizable retaliation claim.[2]

Accordingly, the Court is not persuaded by Plaintiff's objections. The Court hereby accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.

IT IS ORDERED that this action is dismissed with prejudice. Plaintiff's Request to Proceed Without Prepayment of Filing Fees (Dkt. No. 7) is denied.

DATED: June 1, 2017      _____
                          JOHN F. WALTER
                          UNITED STATES DISTRICT JUDGE

---

[2] An exhibit to Plaintiff's objections appears to contradict Plaintiff's assertion that he was denied access to the law library from December 2015 through his release in December 2016. In Exhibit C, a May 9, 2016 second level appeal response, the law librarian is quoted as stating that Plaintiff frequents the law library at least twice a week, for a couple of hours a day, on a monthly basis. *See* Dkt. No. 17 at Ex. C. The Court is not required to accept as true allegations that are contracted by exhibits attached to the complaint. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).